ANTHONY RADZIKOWSKI, PETITIONER-DEFENDANT, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, PROSECUTOR-RESPONDENT.

Submitted October 6, 1936—Decided March 5, 1937.

Before Justices PARKER and LLOYD.

For the prosecutor, *Elmer W. Romine.*

For the respondent, *Harry Kaplan.*

PER CURIAM.

This writ brings up an order by Deputy Commissioner Stahl of the compensation bureau, dated November 14th, 1935, denying a motion to dismiss a petition for increased com-

pensation on the ground of a prior "final adjudication of the petitioner's claims" and thereby that the bureau was without jurisdiction to entertain such petition. No question of statutory limitation is raised. The history of the case is that after the accident in April, 1930, there was a voluntary agreement for temporary disability followed by an informal "investigation" and hearing (though the case does not specifically show it) for a commutation of permanent disability of one hundred and sixteen weeks at $20 per week until October 30th, 1933, inclusive, and resulting in a lump sum then presently payable, and paid. Next, in September, 1932, there was a formal petition for adjudication of the whole compensation to which petitioner would be entitled, and on March 9th, 1934, this came to a hearing, testimony was taken, the extent of the injury ascertained on the testimony including that of three physicians, and Deputy Commissioner Corbin made a rule for judgment, adjudging that in addition to temporary disability paid, and twenty-five per cent. permanent disability paid, petitioner was "now entitled to receive as final compensation for the injuries arising out of the accident of April 4th, 1930, an additional fifteen per cent. of total permanent disability or seventy-five weeks at the rate of $20 per week, amounting to the sum of $1,500 which is now accrued, due and payable." After directing payment of attorney's and physicians' fees the rule directs entry of "judgment final" accordingly, and provides "that the entry of said judgment shall be in full payment of all compensation due the petitioner," &c. This was also paid.

In October, 1935, however, a further petition was filed by a different attorney, reporting the prior payments. The employer moved to dismiss it on the ground "that there has been a full and final determination in this matter, and that the entry of the judgment, according to the determination in said case, was to be a full payment of all compensation due the petitioner by reason of the accident * * * and that for that reason the workmen's compensation bureau does not have jurisdiction to entertain a further petition for compensation on the part of the petitioner." Deputy Commissioner

Stahl made an order denying this motion and directing that a hearing for increased disability proceed. It is this order which is before us for review.

It is expressly conceded by prosecutor that this is not a case of "compromise agreement" nor a case of "final closeout agreed to by the parties and submitted to the bureau for approval." The claim, as we understand it, is that because the bureau at a formal hearing, when entering a formal judgment, included in the rule a clause or clauses that the judgment should be in full payment of all compensation due the petitioner, this in effect is a bar and estoppel to a further petition within the statutory period claiming an increase of disability. We cannot subscribe to this view. Apart from the conditions obtaining in case of settlement by the parties, and approved thereof by the commissioner based on evidence and carried into the judgment record, the finality of a judgment resulting from litigation is determined by the law and not by act of the court pronouncing it. The law in this class of cases is statutory so far as a claim of increased disability is concerned; and it contemplates a further hearing within specified time limits, on a claim of increased disability, where the original judgment is not the result of a settlement approved by the bureau after taking suitable evidence. The subject is fully discussed in the very recent case of *Tucker* v. *Frank J. Beltramo, Inc.,* 117 *N. J. L.* 72, particularly (at *pp.* 78, 79) ; 186 *Atl. Rep.* 821, where other cases are cited. We see no indications of a settlement in the present case, notwithstanding that the rule for judgment was "approved as to form" by the attorneys.

The writ will be dismissed.